

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Patricia McLane* | *Suite 400* | *DIRECT: 410-209-4942* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Patricia.McLane@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-0717* |

January 21, 2025

The Honorable Matthew J. Maddox
United States District Court
for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

      RE:    Pre-Trial Conference for
             <u>United States of America v. Williams</u>
             MJM-22-340

Dear Judge Maddox:

      The Government submits this letter in advance of the pre-trial conference set in the above-captioned case. There are several issues to address at the hearing, two of which require scheduling other court appearances.

      **<u>Third Superseding Indictment:</u>** On December 18, 2024, a grand jury approved a Third Superseding Indictment. ECF 69. The indictment simply corrected the serial number listed in Count One (possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)) and added a controlled substance in Count Four (possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)). *Id.* The corrections in the Third Superseding Indictment should not impact the pre-trial conference as the instrument does not change any of the charges in the Second Superseding Indictment. The Defendant has his initial appearance and arraignment on that charging document on November 25, 2024. ECF 66.

      The Defendant needs an initial appearance and arraignment on the Third Superseding Indictment. The Government suggests the Court direct the parties to set an agreeable date at the pre-trial conference; in the alternative, the Government suggests the Court direct the Government to set a time on January 24 with the duty magistrate judge as the parties will be in the courthouse for the pre-trial conference.

      **<u>Plea Negotiations:</u>** The Government handed the Defendant a written plea agreement on November 20, 2024, during a court appearance in magistrate court. Counsel for the Defendant was not present. The Government requests the Court set a hearing pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012), to ensure the Defendant discussed the formal plea with his counsel. Further, the hearing will determine whether the Defendant accepts or rejects the Government's offer.

**Fourth Amendment Issues:**  The Defendant did not file any pre-trial motions.  *See* ECF 61.  Accordingly, the Court should prohibit any argument or questions on the validity of the detention, arrest, and recovery of evidence at trial.  The Government shall submit a jury instruction tomorrow on this issue as directed by the Court.  *See* ECF 59.

**Protective Order and *Giglio*:**  The Government intends to call several law enforcement officers at trial, currently scheduled for February 24, 2025.  *Id.*  The Government has, and is continuing to collect, *Giglio* material in advance of trial.  The Government shall bring this material[1], and a Motion for a Protective Order and Protective Order, to the pre-trial conference. The Government respectfully requests the Court review the Protective Order with the Defendant and set a deadline for the Defendant to identify those events about which he wants to question witnesses; similarly, the Government requests a date to respond.  The Government believes these issues can be decided on the submitted papers. In the alternative, a hearing on this issue could be held after the parties select a jury and before opening statements.

Thank you in advance for the Court's considerations of these issues and requests.

Very truly yours,

Erek L. Barron
United States Attorney


_____/s/_____
Patricia McLane
Sarah Simpkins
Assistant United States Attorneys

---

[1] The material includes summaries of IAD files for Baltimore City police officer witnesses, and correspondence with federal agencies regarding federal agent witness.  If requested, the Government shall provide full files of any event the Defendant wants to review.  Those files will be covered by the Protective Order the Government will provide to the Court for approval.